2422-CC00585

**EXHIBIT A**

Electronically Filed - CITY OF ST. LOUIS - April 04, 2024 - 02:56 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| VICTOR MANUEL RIBAS, ) | |
| ) | Cause No. |
| ) | |
| ) | |
| Plaintiff, ) | Division |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| MEGAN BESLER, ) | |
| Serve: ) | |
| Megan Besler ) | |
| 6719 Country Hill Road NE, Apt. 1 ) | |
| Cedar Rapids, IA 52402 ) | |
| ) | |
| Defendant. ) | |

**PETITION**

COMES NOW, Plaintiff, Victor Manuel Ribas, by and through his undersigned attorneys, and for his Petition against Defendant, Megan Besler, states as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, Victor Manuel Ribas ("Plaintiff" or "Mr. Ribas"), is an individual residing in the City of St. Louis, State of Missouri.

2. Defendant, Megan Besler, is an individual residing in Cedar Rapids, Linn County, Iowa.

3. Defendant, sometimes acting in concert with others, caused to be published certain statements concerning Plaintiff which were defamatory in character, as more fully set forth below.

1

4. On January 19, 2024, Defendant published a Facebook Post in the Facebook Group "The Dirt Alert – STL Are We Dating The Same Guy." Defendant used her own personal Facebook account and made the following statement, "if anyone knows Victor Ribas (drummer in STL, played professional with HURT and Smile Empty Soul), stay FAR away. Cheater, abuser, Sociopath (legit Diagnosed). Stay away. Get Out. Run."

5. On January 30, 2024, in the same group, Defendant posted that Plaintiff, Victor Ribas, is a "sex addict and porn addict who is a serial cheater and manipulator 10 fold."

6. On approximately January 30, 2024, in the same Facebook Group, Defendant posted "we had a narc in the group sending screen shots to one of the men mentioned in here, and now he's reached out to me (the ex-wife he abused) and is harassing me like crazy. I blocked him everywhere I could but ladies come on. You join this group for safety!!! DON'T SCREEN SHOT SOMETHING TO SOMEONE JUST BECAUSE YOU KNOW THEM!!! This man hurts women! MULTIPLE! And by you doing that, you just made it okay for another man to get away with it when all we are trying to do in this group is warn people and allow women the safety of the fucked up dating world out there . . . . . Don't be that woman. My god. Stay safe friends."

7. On February 8, 2024, Defendant posted many videos characterizing herself as a "survivor of abuse from a narcissistic, abusive, sociopathic husband." In each case, Defendant either directly identified Mr. Ribas or referred to Plaintiff as her husband or ex-husband, i.e., Mr. Ribas.

2

8. Defendant has publicly claimed Mr. Ribas is a pornography and sex addict on social media.

9. Defendant falsely claimed that Mr. Ribas "harass[es] [Defendant] like crazy."

10. On February 8, 2024, Defendant publicly claimed Mr. Ribas is in fact a diagnosed sociopath and that the source of that information came from Mr. Ribas' therapist, David McGraw of Open Arms Wellness, via email sent to Defendant's therapist and marked "very concerned."

11. Defendant claimed, on various social media platforms, that Mr. Ribas has abused her in some way.

12. Defendant produced and authored over 200 videos, comments, posts and other communications casting Mr. Ribas in a defamatory light. In the course of making these statements and claims, Defendant directly and irrefutably identified Mr. Ribas by providing his full name and identifying musical groups Mr. Ribas has worked with.

13. At various times, Defendant referred to Mr. Ribas as a[n] "abuse[r]," "cheater," "narcissist," "sociopath," "sex addict," "porn addict," and "narcissist," among other defamatory things.

13. Defendant was aware that the claims she made against Mr. Ribas were false when she made them and when confronted about the claims made it know to Mr. Ribas that she did not care.

14. Defendant conspired with others in the publication of the statements.

3

15. The statements were simultaneously published throughout Missouri including the City of St. Louis and elsewhere throughout the world via social media.

## COUNT I DEFAMATION – NEGLIGENCE

16. Plaintiff incorporates by reference paragraphs 1 through 15 of the Petition as if fully set forth herein.

17. The statements set forth in the General Allegations were false, scandalous and defamatory and as a result of the publication thereof, Plaintiff's reputation has been damaged.

18. Defendant acted negligently in causing the false statements to be published in one or more of the following respects:

   a. Defendant failed to investigate whether the statements were true when she made them;

   b. Defendant was aware, through her personal knowledge that the statements she made were false;

   c. Defendant was not aware of any information outside of her personal observation which would suggest that the allegations were true.

19. As a result of Defendant's conduct set forth above, Plaintiff sustained the following injuries:

   a. Plaintiff has lost income and professional opportunities;

   b. Plaintiff was deprived of business associations;

   c. Plaintiff's reputation has been damaged, and he has been and will in the future be caused to suffer humiliation, embarrassment, hurt, mental anguish,

Electronically Filed - CITY OF ST. LOUIS - April 04, 2024 - 02:56 PM

Electronically Filed - CITY OF ST. LOUIS - April 04, 2024 - 02:56 PM

pain and suffering and has and will in the future be deprived of public confidence and social and business associations.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in an amount to be determined by the jury and in excess of $150,000,00 for his losses, prejudgment interest on such sums, post-judgment interest, on said sums, attorneys' fees and costs expended herein.

## COUNT II – DEFAMATION FALSE STATEMENTS

20. Plaintiff incorporates by reference paragraphs 1 through 19 of the Petition as if fully set forth herein.

21. The statements set forth above were false, scandalous and defamatory and were made by Defendant with knowledge that such statements were false or with reckless disregard for whether such statements were true or false at a time when the Defendant knew such statements were false.

22. As a direct and proximate result of the conduct of Defendant, as set out above, Plaintiff sustained the following damages:

a. Plaintiff lost professional income and opportunity;

b. Plaintiff has been deprived of valuable business associations within his professional career;

c. Plaintiff's reputation has been damaged, and he will be in the future continue to be damaged and suffer humiliation, embarrassment, hurt, mental anguish, pain and suffering, and has and will in the future be deprived of public and personal confidence and business associations.

5

23. Defendant's actions described above were done knowingly, intentionally, on conscious disregard for and reckless indifference to Plaintiff's interests and welfare, justifying an award of punitive damages in order to punish the conduct, stop the conduct, deter others from engaging in like conduct, and prevent Defendant from engaging in the conduct ever again.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in an amount to be determined by a jury for his losses, punitive damages, pre-judgment intertest, post-judgment interest, attorney fees and costs expended herein.

## **COUNT III – INVASION OF PRIVACY FALSE LIGHT**

24. Plaintiff incorporates by reference paragraphs 1 through 23 of the Petition as if fully set forth herein.

25. Defendant's actions described above caused Plaintiff to be placed in a false light before the public.

26. Many of Defendant's publications portrayed Plaintiff as something he is not like a diagnosed sex addict, pornography addict and sociopath.

27. Defendant's remarks were published on social media and disseminated to the public.

28. As a result of Defendant's publications, Plaintiff was placed in a false light and attributed characteristics, conduct and beliefs which are false.

29. The false light Defendant cast over Plaintiff is highly offensive to a reasonable person.

30. Defendant has knowledge and acted in reckless disregard as to the falsity of the allegations in the published material and the false light Defendant cast upon Plaintiff, and Defendant acted with knowledge that she misrepresented Plaintiff's activities, characteristics, and beliefs or with reckless disregard for whether they misrepresented Plaintiff's activities, characteristics or beliefs at a time when Defendant has serious doubts as to whether such statements truthfully described Plaintiff's activities, characteristics or beliefs.

31. As a direct result of Defendant's conduct set forth above, Plaintiff sustained the following injuries or damages,

   a. Plaintiff lost professional income;

   b. Plaintiff has and will continue to be deprived of valuable business associations;

   c. Plaintiff's privacy has been invaded, his history, activities or beliefs have been misrepresented, his right to be left alone has been compromised and degraded, he has been and in the future will be caused to suffer humiliation, embarrassment, hurt, mental anguish, pain and suffering, for which he has incurred, and will incur in the future, costs for counseling and other medical treatment, The mental anguish is the kind that normally results from invasions of privacy described above.

32. Defendant's actions were knowing, intentional, in reckless disregard for and in reckless indifference to Plaintiff's interests and welfare, justifying an award of punitive damages in order to punish the conduct, stop the conduct, deter

7

others from engaging in like conduct, and prevent Defendant from engaging in such conduct again.

WHEREFORE, Plaintiff prays for a judgment against Defendant for actual damages in an amount to be determined by the jury for his losses, pre-judgment interest on said sums, punitive damages, post-judgment interest, attorney fees and costs expended herein.

### COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

33.  Plaintiff incorporates by reference paragraphs 1 through 32 of the Petition as if fully set forth herein.

34.  At all times herein, Plaintiff was employed as local talent, talent representation and as a musician in the national and had established business relationships in his respective trades.

35.  Plaintiff had a justified business expectancy of continuing his professional relationships in his trades.

36.  Defendant was aware of Plaintiff's professional pursuits.

37.  Defendant knew that Plaintiff had a justified business expectancy of continuing his business relationships and developing his business pursuits in the future.

38.  Defendant intentionally and without justification tortiously interfered with Plaintiff's business relationship and expectancy by:

a.  Making disparaging or false and misleading statements about Plaintiff and publicizing it so such remarks would be heard by Plaintiff's customers and business associates;

Electronically Filed - CITY OF ST. LOUIS - April 04, 2024 - 02:56 PM

b.     Threatening adverse publicity against persons who might associate with Plaintiff;

c.     Defaming or placing Plaintiff in a false light as set forth in the preceding Counts;

d.     Encouraging business associates or customers not to associate with Plaintiff.

39.    Defendant has: (1) adversely affected Plaintiff's relationships with business associations and customers; (2) adversely affected Plaintiff's ability to conduct and advance in his professional career; (3) damaged Plaintiff's reputation and that of his business with the relevant communities; (4) caused a loss of profits and goodwill for Plaintiff and his business pursuits; and (5) caused Plaintiff emotional stress and duress.

40.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered pecuniary harm, loss of profits, loss of goodwill, loss of future business prospects and continued and future emotional stress and duress.

41.    Plaintiff was reasonably certain to create new business going forward in his various pursuits.

42.    As a direct and proximate result of Defendant's actions, Plaintiff has lost business relationships, business opportunities, and profits and enjoyment therefrom.

43.    Defendant's actions as described above were done knowingly, intentionally, in conscious disregard for and in reckless indifference to Plaintiff's interests and welfare, justifying an award of punitive damages in order to punish

the conduct, stop the conduct, deter others from engaging in like conduct, and prevent Defendant from engaging in such conduct again.

WHEREFORE, Plaintiff prays for a judgment against Defendant for actual damages in an amount to be determined by the jury for his losses, prejudgment intertest on said sums, punitive damages, post-judgment interest, and for his costs and attorney fees expended herein.

**GOLDSON HOEKEL, LLC**
/s/ Marshall R. Hoekel
Marshall R. Hoekel, #40396
mhoekel@gmail.com
5 Plant Ave., Ste 2
Webster Groves, MO 63119
(314) 961-6917 – Office
(314) 961-6965 – Facsimile
(314) 560-7301 – Cellphone
*Attorneys for Plaintiff*
*Victor Manuel Ribas*