**EXHIBIT C**

MISSOURI COURTS
Judicial Branch of Government

Missouri Case.net

Judicial Links | eFiling | Help | Contact Us | Print | Search for Cases By: | Logon

**2422-CC00585 - VICTOR M RIBAS V MEGAN M BESLER (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

Sort Date Entries: Descending Ascending

Display Options: All Entries

**04/23/2024**

Jury Trial Scheduled

**Scheduled For:** 10/21/2024; 9:00 AM; ELIZABETH BYRNE HOGAN; City of St. Louis

**04/05/2024**

Summ Issd- Circ Pers Serv O/S

Document ID: 24-SMOS-1201, for BESLER, MEGAN MARIE.

**04/04/2024**

Filing Info Sheet eFiling

**Filed By:** MARSHALL ROSS HOEKEL

Motion Special Process Server

Request for Special Process Server.

**Filed By:** MARSHALL ROSS HOEKEL

**On Behalf Of:** VICTOR MANUEL RIBAS

Pet Filed in Circuit Ct

Petition.

**On Behalf Of:** VICTOR MANUEL RIBAS



IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| VICTOR MANUEL RIBAS, ) | |
| ) | Cause No. |
| ) | |
| ) | |
| Plaintiff, ) | Division |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| MEGAN BESLER, ) | |
| Serve: ) | |
| Megan Besler ) | |
| 6719 Country Hill Road NE, Apt. 1 ) | |
| Cedar Rapids, IA 52402 ) | |
| ) | |
| Defendant. ) | |

**PETITION**

COMES NOW, Plaintiff, Victor Manuel Ribas, by and through his undersigned attorneys, and for his Petition against Defendant, Megan Besler, states as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, Victor Manuel Ribas ("Plaintiff" or "Mr. Ribas"), is an individual residing in the City of St. Louis, State of Missouri.

2. Defendant, Megan Besler, is an individual residing in Cedar Rapids, Linn County, Iowa.

3. Defendant, sometimes acting in concert with others, caused to be published certain statements concerning Plaintiff which were defamatory in character, as more fully set forth below.

1

4. On January 19, 2024, Defendant published a Facebook Post in the Facebook Group "The Dirt Alert – STL Are We Dating The Same Guy." Defendant used her own personal Facebook account and made the following statement, "if anyone knows Victor Ribas (drummer in STL, played professional with HURT and Smile Empty Soul), stay FAR away. Cheater, abuser, Sociopath (legit Diagnosed). Stay away. Get Out. Run."

5. On January 30, 2024, in the same group, Defendant posted that Plaintiff, Victor Ribas, is a "sex addict and porn addict who is a serial cheater and manipulator 10 fold."

6. On approximately January 30, 2024, in the same Facebook Group, Defendant posted "we had a narc in the group sending screen shots to one of the men mentioned in here, and now he's reached out to me (the ex-wife he abused) and is harassing me like crazy. I blocked him everywhere I could but ladies come on. You join this group for safety!!! DON'T SCREEN SHOT SOMETHING TO SOMEONE JUST BECAUSE YOU KNOW THEM!!! This man hurts women! MULTIPLE! And by you doing that, you just made it okay for another man to get away with it when all we are trying to do in this group is warn people and allow women the safety of the fucked up dating world out there . . . . . Don't be that woman. My god. Stay safe friends."

7. On February 8, 2024, Defendant posted many videos characterizing herself as a "survivor of abuse from a narcissistic, abusive, sociopathic husband." In each case, Defendant either directly identified Mr. Ribas or referred to Plaintiff as her husband or ex-husband, i.e., Mr. Ribas.

2

8. Defendant has publicly claimed Mr. Ribas is a pornography and sex addict on social media.

9. Defendant falsely claimed that Mr. Ribas "harass[es] [Defendant] like crazy."

10. On February 8, 2024, Defendant publicly claimed Mr. Ribas is in fact a diagnosed sociopath and that the source of that information came from Mr. Ribas' therapist, David McGraw of Open Arms Wellness, via email sent to Defendant's therapist and marked "very concerned."

11. Defendant claimed, on various social media platforms, that Mr. Ribas has abused her in some way.

12. Defendant produced and authored over 200 videos, comments, posts and other communications casting Mr. Ribas in a defamatory light. In the course of making these statements and claims, Defendant directly and irrefutably identified Mr. Ribas by providing his full name and identifying musical groups Mr. Ribas has worked with.

13. At various times, Defendant referred to Mr. Ribas as a[n] "abuse[r]," "cheater," "narcissist," "sociopath," "sex addict," "porn addict," and "narcissist," among other defamatory things.

13. Defendant was aware that the claims she made against Mr. Ribas were false when she made them and when confronted about the claims made it know to Mr. Ribas that she did not care.

14. Defendant conspired with others in the publication of the statements.

3

15. The statements were simultaneously published throughout Missouri including the City of St. Louis and elsewhere throughout the world via social media.

## COUNT I DEFAMATION – NEGLIGENCE

16. Plaintiff incorporates by reference paragraphs 1 through 15 of the Petition as if fully set forth herein.

17. The statements set forth in the General Allegations were false, scandalous and defamatory and as a result of the publication thereof, Plaintiff's reputation has been damaged.

18. Defendant acted negligently in causing the false statements to be published in one or more of the following respects:

    a. Defendant failed to investigate whether the statements were true when she made them;

    b. Defendant was aware, through her personal knowledge that the statements she made were false;

    c. Defendant was not aware of any information outside of her personal observation which would suggest that the allegations were true.

19. As a result of Defendant's conduct set forth above, Plaintiff sustained the following injuries:

    a. Plaintiff has lost income and professional opportunities;

    b. Plaintiff was deprived of business associations;

    c. Plaintiff's reputation has been damaged, and he has been and will in the future be caused to suffer humiliation, embarrassment, hurt, mental anguish,

4

pain and suffering and has and will in the future be deprived of public confidence and social and business associations.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in an amount to be determined by the jury and in excess of $150,000,00 for his losses, prejudgment interest on such sums, post-judgment interest, on said sums, attorneys' fees and costs expended herein.

## COUNT II – DEFAMATION FALSE STATEMENTS

20. Plaintiff incorporates by reference paragraphs 1 through 19 of the Petition as if fully set forth herein.

21. The statements set forth above were false, scandalous and defamatory and were made by Defendant with knowledge that such statements were false or with reckless disregard for whether such statements were true or false at a time when the Defendant knew such statements were false.

22. As a direct and proximate result of the conduct of Defendant, as set out above, Plaintiff sustained the following damages:

 a. Plaintiff lost professional income and opportunity;

 b. Plaintiff has been deprived of valuable business associations within his professional career;

 c. Plaintiff's reputation has been damaged, and he will be in the future continue to be damaged and suffer humiliation, embarrassment, hurt, mental anguish, pain and suffering, and has and will in the future be deprived of public and personal confidence and business associations.

5

23. Defendant's actions described above were done knowingly, intentionally, on conscious disregard for and reckless indifference to Plaintiff's interests and welfare, justifying an award of punitive damages in order to punish the conduct, stop the conduct, deter others from engaging in like conduct, and prevent Defendant from engaging in the conduct ever again.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in an amount to be determined by a jury for his losses, punitive damages, pre-judgment intertest, post-judgment interest, attorney fees and costs expended herein.

## COUNT III – INVASION OF PRIVACY FALSE LIGHT

24. Plaintiff incorporates by reference paragraphs 1 through 23 of the Petition as if fully set forth herein.

25. Defendant's actions described above caused Plaintiff to be placed in a false light before the public.

26. Many of Defendant's publications portrayed Plaintiff as something he is not like a diagnosed sex addict, pornography addict and sociopath.

27. Defendant's remarks were published on social media and disseminated to the public.

28. As a result of Defendant's publications, Plaintiff was placed in a false light and attributed characteristics, conduct and beliefs which are false.

29. The false light Defendant cast over Plaintiff is highly offensive to a reasonable person.

30. Defendant has knowledge and acted in reckless disregard as to the falsity of the allegations in the published material and the false light Defendant cast upon Plaintiff, and Defendant acted with knowledge that she misrepresented Plaintiff's activities, characteristics, and beliefs or with reckless disregard for whether they misrepresented Plaintiff's activities, characteristics or beliefs at a time when Defendant has serious doubts as to whether such statements truthfully described Plaintiff's activities, characteristics or beliefs.

31. As a direct result of Defendant's conduct set forth above, Plaintiff sustained the following injuries or damages,

   a. Plaintiff lost professional income;

   b. Plaintiff has and will continue to be deprived of valuable business associations;

   c. Plaintiff's privacy has been invaded, his history, activities or beliefs have been misrepresented, his right to be left alone has been compromised and degraded, he has been and in the future will be caused to suffer humiliation, embarrassment, hurt, mental anguish, pain and suffering, for which he has incurred, and will incur in the future, costs for counseling and other medical treatment, The mental anguish is the kind that normally results from invasions of privacy described above.

32. Defendant's actions were knowing, intentional, in reckless disregard for and in reckless indifference to Plaintiff's interests and welfare, justifying an award of punitive damages in order to punish the conduct, stop the conduct, deter

7

Electronically Filed - CITY OF ST. LOUIS - April 04, 2024 - 02:56 PM

others from engaging in like conduct, and prevent Defendant from engaging in such conduct again.

WHEREFORE, Plaintiff prays for a judgment against Defendant for actual damages in an amount to be determined by the jury for his losses, pre-judgment interest on said sums, punitive damages, post-judgment interest, attorney fees and costs expended herein.

### COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

33. Plaintiff incorporates by reference paragraphs 1 through 32 of the Petition as if fully set forth herein.

34. At all times herein, Plaintiff was employed as local talent, talent representation and as a musician in the national and had established business relationships in his respective trades.

35. Plaintiff had a justified business expectancy of continuing his professional relationships in his trades.

36. Defendant was aware of Plaintiff's professional pursuits.

37. Defendant knew that Plaintiff had a justified business expectancy of continuing his business relationships and developing his business pursuits in the future.

38. Defendant intentionally and without justification tortiously interfered with Plaintiff's business relationship and expectancy by:

a. Making disparaging or false and misleading statements about Plaintiff and publicizing it so such remarks would be heard by Plaintiff's customers and business associates;

8

Electronically Filed - CITY OF ST. LOUIS - April 04, 2024 - 02:56 PM

b. Threatening adverse publicity against persons who might associate with Plaintiff;

c. Defaming or placing Plaintiff in a false light as set forth in the preceding Counts;

d. Encouraging business associates or customers not to associate with Plaintiff.

39. Defendant has: (1) adversely affected Plaintiff's relationships with business associations and customers; (2) adversely affected Plaintiff's ability to conduct and advance in his professional career; (3) damaged Plaintiff's reputation and that of his business with the relevant communities; (4) caused a loss of profits and goodwill for Plaintiff and his business pursuits; and (5) caused Plaintiff emotional stress and duress.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered pecuniary harm, loss of profits, loss of goodwill, loss of future business prospects and continued and future emotional stress and duress.

41. Plaintiff was reasonably certain to create new business going forward in his various pursuits.

42. As a direct and proximate result of Defendant's actions, Plaintiff has lost business relationships, business opportunities, and profits and enjoyment therefrom.

43. Defendant's actions as described above were done knowingly, intentionally, in conscious disregard for and in reckless indifference to Plaintiff's interests and welfare, justifying an award of punitive damages in order to punish

9

the conduct, stop the conduct, deter others from engaging in like conduct, and prevent Defendant from engaging in such conduct again.

WHEREFORE, Plaintiff prays for a judgment against Defendant for actual damages in an amount to be determined by the jury for his losses, prejudgment intertest on said sums, punitive damages, post-judgment interest, and for his costs and attorney fees expended herein.

                                               **GOLDSON HOEKEL, LLC**
/s/ Marshall R. Hoekel
Marshall R. Hoekel, #40396
mhoekel@gmail.com
5 Plant Ave., Ste 2
Webster Groves, MO 63119
(314) 961-6917 – Office
(314) 961-6965 – Facsimile
(314) 560-7301 – Cellphone
*Attorneys for Plaintiff*
*Victor Manuel Ribas*

10

**2422-CC00585**

Electronically Filed - CITY OF ST. LOUIS - April 04, 2024 - 02:56 PM

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**

Victor Ribas
_____
Plaintiff/Petitioner

03/29/2024
_____
Date

vs.

_____
Case number

Megan Besler
_____
Defendant/Respondent

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Marshall R. Hoekel, 40396_____, pursuant
Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of
Tanya Krousie               1210 S. Vandeventer, St. Louis, 63110       3199292445
_____
Name of Process Server           Address                  Telephone

_____
Name of Process Server           Address                  Telephone

_____
Name of Process Server           Address                  Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:
Megan Besler                                    _____
Name                                            Name
6719 Country Hill Road NE, Apt. 1               _____
Address                                         Address
Cedar Rapids, IA 52402                          _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:
_____                         _____
Name                                            Name
_____                         _____
Address                                         Address
_____                         _____
City/State/Zip                                  City/State/Zip

**Appointed as requested:**
**Thomas Kloeppinger,** Circuit Clerk

/s/ Marshall R. Hoekel, MBN 40396
_____
Attorney/Plaintiff/Petitioner
Attorney for Respondent

By_____
Deputy Clerk

Bar No.
40396    5 Plant Ave., Ste. 2
Address
Webster Groves, MO 63119

Dated_____

Phone No. (314) 560-7301 Fax No. (314) 961-6965
email: mhoekel@gmail.com

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

    a. Is twenty-one years of age or older;

    b. Has a high school diploma or an equivalent level of education;

    c. Has insurance coverage for any errors or omissions occurring in the service of process;

    d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

    e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

    a. Misrepresentation of duty or authority;

    b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

    c. Improper use of the license;

    d. Making a false return; or

    e. Any other good cause.

    Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2422-CC00585 | |
|---|---|---|
| Plaintiff/Petitioner:<br>VICTOR MANUEL RIBAS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARSHALL ROSS HOEKEL<br>5 PLANT AVE.<br>SUITE 2<br>WEBSTER GROVES, MO  631193040 | |
| Defendant/Respondent:<br>MEGAN MARIE BESLER | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:**  **MEGAN MARIE BESLER**
**Alias:**

**6719 COUNTRY HILL ROAD NE APT 1**
**CEDAR RAPIDS, IA  52402**

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**April 5, 2024**
_____     _____
Date                                                                                      Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                       Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                              ☐ the judge of the court of which affiant is an officer.
                              ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                              ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| | | |
|---|---|---|
| **Service Fees** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.