**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: VICTOR MANUEL RIBAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00632 |
| | ) | |
| MEGAN BESLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

COMES NOW Defendant Megan Besler (hereinafter "Defendant" or "Besler"), by and through her undersigned counsel, and for her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) states as follows:

### INTRODUCTION

Plaintiff – a public figure by his own pleading – attempts and fails to state four causes of action against Defendant Megan Besler stemming from certain alleged statements. It is an attempt to chill Besler's right to speech; and one that is not sufficiently pled. Lacking from the Petition in this matter are facts showing actual malice, actual damages, and other essential elements to each of the causes of action brought. Plaintiff's Petition must therefore be dismissed.

### LEGAL AUTHORITY

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1

reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

While a court draws all reasonable inferences in the plaintiff's favor, "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions." *Id*. Thus, Plaintiff's allegations must include more than "labels and conclusions" in order to "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In other words, "'naked assertion[s]' devoid of 'further factual enhancement'" and "formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Twombly*, 550 U.S. at 555.

## ARGUMENT & ANALYSIS

Plaintiff is a public figure: a professional drummer (playing and working with globally-known groups such as HURT and Smile Empty Soul) who by his own words has a "professional career" with "business associations and customers", histories with multiple "musical groups", and other "various pursuits" in multiple communities. ECF 3 at ¶¶ 4, 12, 39, and 41; *Sigafus v. St. Louis Post-Dispatch, L.L.C.*, 109 S.W.3d 174, 180 (Mo. App. 2003) (confirming recording artists and musicians to be public figures). He has a "national" presence and is concerned that the alleged remarks at issue have been seen "throughout the world" affecting the "public confidence" in his person. ECF 3 at ¶¶ 15, 19, and 34. Based on Plaintiff's Petition, then—which must be taken as true for purposes of this motion—Plaintiff is a rock star with a national and even global presence.

Plaintiff has drummed up four causes of action against Besler in this action – defamation negligence, defamation false statements,[1] invasion of privacy false light, and tortious interference with business expectancy – tracing back to certain statements allegedly made by Besler in early 2024. Yet Plaintiff has not pled facts showing actual malice, actual damages, or an absence of

---

[1] Defendant is not entirely sure why these two defamation counts have been separated.

justification for Besler's alleged statements. Rather, Plaintiff has essentially recited incomplete elements with little to no factual support. This is fatal to his action. Dismissal is the natural consequence.

I. **Counts I and II: Defamation of a Public Figure Requires a Pleading of Malice with "Convincing Clarity" and Proof of Actual Reputational Harm. Plaintiff Has Not Pled These Essential Elements.**

The elements of defamation in Missouri are: 1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303 (Mo. banc 1993). "The requisite degree of fault for a private figure… is negligence" like what Plaintiff has attempted to plead in Counts I and II. *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 70 (Mo. 2000). A public figure like Plaintiff, however, is held to a different pleading standard: actual malice.

Determination of public figurehood is appropriate for a motion to dismiss. The "*Twombly* standard requires that to survive a motion to dismiss, sufficient factual allegations be pleaded to establish a claim's plausibility, which under controlling defamation law will depend on context." *Stockley v. Joyce*, No. 4:18-CV-873 CAS, 2019 WL 630049, at *11 (E.D. Mo. Feb. 14, 2019), *aff'd,* 963 F.3d 809 (8th Cir. 2020). "In determining whether a plaintiff can survive a motion to dismiss a defamation claim for failure to state a cause of action," the Court should engage in determinations including "whether a defense, such as privilege, shields the defendant from legal action." *McClanahan v. Anti-Defamation League*, No. 23-05076-CV-SW-JAM, 2023 WL 8704258, at *3 (W.D. Mo. Dec. 15, 2023) (citing *Castle Rock Remodeling, LLC v. Better Bus. Bureau of Greater St. Louis, Inc.*, 354 S.W.3d 234, 239 (Mo. App. 2011); *Turntine v. Peterson*, 959 F.3d 873, 882 (8th Cir. 2020)). Thus the contextual "qualified privilege" of public figure status

3

is "a matter of law to be decided by the trial court." *King v. Union Station Holdings, LLC*, No. 4:12CV696SNLJ, 2012 WL 5351598, at *5 (E.D. Mo. Oct. 30, 2012). In other words, the Court is at liberty to "find[] the complaint fails to allege facts tending to show that [Defendant] published the statements with the requisite degree of fault" such as "actual malice". *Stockley*, No. 2019 WL 630049 at *12 (holding as a matter of law that "Plaintiff's failure to plead his defamation claim with adequate specificity extends to the element of actual malice."); *Chastain v. Cypress Media, LLC*, No. 4:19-CV-00315-DGK, 2019 WL 13204403, at *1 (W.D. Mo. Oct. 21, 2019), *aff'd sub nom. Chastain v. JCK Legacy GUC Recovery Tr.*, No. 19-3444, 2021 WL 4472721 (8th Cir. Sept. 30, 2021) (granting motion to dismiss for reasons including failure to plead actual malice); *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 958 (8th Cir. 2020) (same).

### A. Malice has not been pled at all, let alone with the convincing clarity required by law.

Plaintiff is, by virtue of his choices and career, a public figure. *Sigafus*, 109 S.W.3d at 180. In fact, "an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts." *Renner v. Donsbach*, 749 F. Supp. 987, 990 (Mo. App. 1990) (citing *Gertz v. Robert Welch, Inc.,* 418 U.S. 323 (1974)). "More commonly," however, "an individual voluntarily injects himself or is drawn into" a public role or controversy, and "thereby becomes a public figure". *Id*. Either way, a globally-known musician such as Plaintiff is certainly not a private figure. Plaintiff has pled his way into public figure status. ECF 3 at ¶¶ 4, 12, 15, 19, 22, 34-35,  38-39, and 42. This changes the nature of Plaintiff's pleading requirements.

"In order for a public figure to recover for defamation, the public figure must show actual malice 'with convincing clarity.'" *Renner*, 749 F. Supp. at 991 (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 285–86 (1964)). In *Hustler Magazine v. Falwell*, 485 U.S. 46 (1988), the Supreme Court put it this way:

4

>Justice Frankfurter put it succinctly in *Baumgartner v. United States,* 322 U.S. 665, 673–74, 64 S.Ct. 1240, 145, 88 L.Ed. 1525 (1944), when he said that '[o]ne of the prerogatives of American citizenship is the right to criticize public men and measures.' Such criticism, inevitably, will not always be reasoned or moderate; public figures as well as public officials will be subject to 'vehement, caustic, and sometimes unpleasantly sharp attacks,' *New York Times, supra,* 376 U.S. at 270, 84 S.Ct. at 721. '[T]he candidate who vaunts his spotless record and sterling integrity cannot convincingly cry "Foul!" when an opponent or an industrious reporter attempts to demonstrate to the contrary.' *Monitor Patriot Co. v. Roy,* 401 U.S. 265, 274, 91 S.Ct. 621, 626, 28 L.Ed.2d 35 (1971).
>
>…'Freedoms of expression require "breathing space." ' *Philadelphia Newspapers, Inc. v. Hepps,* 475 U.S. 767, 772, 106 S.Ct. 1558, 1561, 89 L.Ed.2d 783 (1986) (quoting *New York Times,* 376 U.S. at 272, 84 S.Ct. at 721). This breathing space is provided by a constitutional rule that allows public figures to recover for libel or defamation only when they can prove both that the statement was false and that the statement was made with the requisite level of culpability.

*See Renner*, 749 F. Supp. at 990.

Thus, "[e]ven if the defendant's remarks are proven both defamatory and false, a public-figure plaintiff must also prove by clear and convincing evidence that the defendant acted with actual malice". *Campbell v. Citizens for an Honest Gov't, Inc.*, 255 F.3d 560, 569 (8th Cir. 2001). This standard is a "daunting one." *Id*. For example, "[e]vidence of a defendant's ill will, desire to injure, or political or profit motive does not suffice" to show actual malice. *Id*. This is why "every circuit that has considered the matter has applied the *Iqbal/Twombly* standard and held that a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice." *Nelson Auto Ctr., Inc*, 951 F.3d at 958.

Here, there is no malice alleged—let alone sufficiently alleged. "Malice" does not appear once in Plaintiff's Petition. ECF 3. Nor are there allegations such that actual malice could be inferred with "convincing clarity" as is required. *Renner*, 749 F. Supp. at 991. Besler's first statements were allegedly made in a Facebook group titled "The Dirt Alert—STL Are We Dating

5

The Same Guy." ECF 3 at ¶ 4. In that group, it is alleged that Besler warned other women to "stay far away" from Plaintiff due to his character. *Id*. Why? For the "safety of the f-ed up dating world out there" and to "stay safe friends." *Id*. at ¶ 6. It is also alleged Besler published certain statements on social media, sharing her experience of being a "survivor of abuse from a narcissistic, abusive, sociopathic husband." *Id*. at ¶ 7. Plaintiff has not pled motivation for these alleged statements, context, personal animosities, or any "desire to cause pain, injury, or distress to another" on the part of Besler. *See* Merriam-Webster, "Malice", (last updated June 3, 2024), https://www.merriam-webster.com/dictionary/malice. In other words, there is no malice shown—just reminders to stay safe and stories of survival. Since there are no "facts sufficient to give rise to a reasonable inference of actual malice" pled,[2] and certainly not pled with "convincing clarity", Plaintiff's claims for defamation in Counts I and II must fail. *Nelson Auto Ctr., Inc.*, 951 F.3d at 958; *Renner*, 749 F. Supp. at 991.

### B. **Plaintiff has not pled damages with factual "proof of actual reputational harm", but rather conclusory statements that do not meet his pleading standard.**

Under Missouri law, "proof of actual reputational harm is an absolute prerequisite in a defamation action." *Kenney v. Wal–Mart Stores, Inc.,* 100 S.W.3d 809, 817 (Mo. 2003). Because the "rules of *per se* and *per quod* " defamation do not apply in Missouri, "a plaintiff must always prove actual damages." *Id*. at 815; *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1053–54 (8th Cir. 2012). "To demonstrate actual damages, plaintiffs must show that defamatory statements caused a quantifiable professional or personal injury" to them. *Arthaud v. Mut. of Omaha Ins. Co.,* 170 F.3d 860, 862 (8th Cir.1999). Then, "the question of whether a plaintiff's damages were caused by the defamatory statement is for the jury to decide… unless a court can determine that a plaintiff

---

[2] Even by the name of the Count I (defamation "negligence"), it is clear Plaintiff did not try to meet his pleading standard. ECF 3.

6

failed to meet [his] burden of production." *Cockram*, 680 F.3d at 1053–54 (internal citations omitted). But the plaintiff *must plead actual damages sufficiently*, because "'naked assertion[s]' devoid of 'further factual enhancement'" and "formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Here, there are no factual allegations of actual reputational harm or damages. Plaintiff alleges generally that he "lost income and professional opportunities", was "deprived of business associations", his "reputation has been damaged", and his has been "caused to suffer humiliation, embarrassment, hurt, mental anguish, pain and suffering and has and will in the future be deprived of public confidence and social and business associations." See ECF 3 at ¶¶ 19 and 22. But in what way? Did Plaintiff lose a gig based on Besler's comments? Did his career earnings take a hit? Or did the alleged comments just make him uncomfortable? There is no "actual harm" alleged – only conclusory statements and threadbare recitations of what Plaintiff's damages might be. These are "naked assertion[s] devoid of further factual enhancement" and do not satisfy Plaintiff's pleading standard. *Iqbal,* 556 U.S. at 678. For this reason as well, Counts I and II must be dismissed.

## II.     Count III: The Tort of Invasion of Privacy (False Light) Requires a Showing of "Malice" (which Plaintiff Has Not Pled) and Cannot Be Based on Allegations of False Statements; Otherwise, It Is a Defamation Claim.

There are two elements for the tort of false light invasion of privacy: "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Meyerkord v. Zipatoni Co.*, 276 S.W.3d 319, 323 (Mo. App. 2008). This tort "applies only when the publicity given to the plaintiff has placed him in a false light before the public, of a kind that would be highly offensive to a reasonable person." *Id*. In other words, "it applies only when the defendant knows the plaintiff, as a reasonable person,

7

would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity." *Id.* There are two important and applicable constraints on this tort, however.

First, before a plaintiff can recover under the tort of invasion of privacy (false light), "he *must* prove that he was cast in a false light out of *malice*." *Berry v. Nat'l Broad. Co.*, 480 F.2d 428, 431 (8th Cir. 1973) (emphasis added). As detailed above in Section I.A, there is no malice pled in the present action. Nor are there any "facts sufficient to give rise to a reasonable inference of actual malice" set forth in Plaintiff's Petition. *Nelson Auto Ctr., Inc.*, 951 F.3d at 958; ECF 3. Plaintiff, therefore, cannot meet an essential element of Count III and it must be dismissed.

Second, where a claim is based on "untrue statements", the underlying action "sounds in defamation, *not* invasion of privacy." *Henry v. Taft Television & Radio Co.*, 774 S.W.2d 889, 891–92 (Mo. App. 1989). Here, Plaintiff has pled himself out of Count III. He specifically alleges "Defendant has knowledge and acted in reckless disregard as to *the falsity of the allegations in the published material* and the false light Defendant cast upon Plaintiff." ECF 3 at ¶ 30 (emphasis added). Elsewhere in the Petition, Plaintiff repeats again that "the claims she made against Mr. Ribas were *false*", that "the statements she made were *false*", and that "Plaintiff was placed in a false light and attributed characteristics, conduct and beliefs which are *false*." Id. at ¶¶ 13, 18, and 28 (emphasis added). Thus, even if Plaintiff had pled malice—which he has not and cannot—this tort is not the proper vehicle for Plaintiff's claims, and Count III must be dismissed for this reason as well. "Where the claim for recovery on either theory—the publication of private facts or a false light invasion of privacy—involves untrue statements, the appropriate remedy is by defamation" and not invasion of privacy. *Hester v. Barnett,* 723 S.W.2d 544, 563 (Mo. App. 1987).

For both of these reasons, Plaintiff has failed to plead a cause of action for Invasion of Privacy. Count III must be dismissed along with Counts I and II.

8

### III. Count IV: Tortious Interference Requires a Showing of Valid Business Expectancies and an Absence of Justification, Neither of Which Plaintiff has Pled or Shown.

Finally, a claim for tortious interference with a business expectancy under Missouri law requires: "(1) a valid business expectancy; (2) defendant's knowledge of the relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." *Rail Switching Servs., Inc. v. Marquis-Missouri Terminal, LLC*, 533 S.W.3d 245, 259 (Mo. App. 2017). Here, Plaintiff fails to show the first and fourth elements.

As to the first element, "the plaintiff must plead a valid business expectancy; 'it is necessary to determine if the expectancy claimed was reasonable and valid under the circumstances alleged. If it is not, there was nothing for defendants to have interfered with.'" *Id.* at 260 (quoting *Gott v. First Midwest Bank*, 963 S.W.2d 432, 438 (Mo. App. 1998)). As Defendant Besler has set forth above, there are no business expectancies alleged here; instead, there are boilerplate statements reciting unspecified relationships. *See* Section I.B. Based on Plaintiff's Petition, it appears there was nothing valid or concrete to interfere with. Conclusory allegations of deprivation of business are insufficient. *Iqbal,* 556 U.S. at 678. Count IV should be dismissed on this point.

Similarly, Plaintiff cannot establish the fourth element, an absence of justification. This is because "where a tortious interference claim is based upon an alleged defamation, if a plaintiff's defamation claim fails, the tortious interference claim must also fail because the plaintiff cannot establish an absence of justification as a matter of law." *Bishop & Assocs., LLC v. Ameren Corp.*, 520 S.W.3d 463, 472 (Mo. banc 2017). Here, Plaintiff does just that: basing his tortious interference claim off of Besler's alleged defamation and false publicity. ECF 3 at ¶ 38. In a similar analysis, the court in *Creative Compounds, LLC* put it this way:

> "[O]nly a showing of improper means satisfies the burden of establishing a lack of justification in a tortious interference with expectancies case." *Id.*

9

>...The "improper means" establishing justification would be the sending of the false threats or defamatory statements. *See Bishop & Assocs., LLC*, 520 S.W.3d at 472 (citing *W. Blue Print Co. v. Roberts*, 367 S.W.3d 7, 20 (Mo. banc 2012)). But, "where a tortious interference claim is based upon an alleged defamation, if a plaintiff's defamation claim fails, the tortious interference claim must also fail because the plaintiff cannot establish an absence of justification as a matter of law." *Id.* (citing *Capobianco*, 812 S.W.2d at 860). Because Creative's injurious falsehood claim fails, "any alleged interference with a business expectancy" based on such statements in the letters and emails also fails. *Id.* Thus, Creative failed to plead facts showing an absence of justification. *Id.*; *see also Adams*, 317 S.W.3d at 76. So, Creative did not "satisfactorily plead[ ]" that ThermoLife "committed the tort" of tortious interference of a business expectancy "in Missouri." *Roldan*, 587 S.W.3d at 642; *Hartenbach*, 742 S.W.2d at 139.

*Creative Compounds, LLC v. ThermoLife Int'l, LLC*, 669 S.W.3d 330, 342 (Mo. App. 2023).

As Plaintiff has failed to plead or show malice or actual injury, and his defamation and false light claims therefore fail as a matter of law, so too does his tortious interference claim fail. *Id*. Again, "only a showing of improper means satisfies the burden of establishing a lack of justification in a tortious interference with expectancies case." *Id*. Without improper means, there is no "absence of justification", and therefore no cause of action as a matter of law. *Id*.; *Rail Switching Servs., Inc.*, 533 S.W.3d at 259. Count IV must be dismissed.

## CONCLUSION

Plaintiff—a public figure—has failed to allege malice, actual damages, and other essential elements of his four Counts against Defendant Besler. As a result, and as a matter of law, Plaintiff's Petition must be dismissed in full and with prejudice.

Dated: June 14, 2024                                    Respectfully submitted,

                                                KEANE LAW LLC

By:    */s/ Ryan A. Keane*
       Ryan A. Keane, #62112MO
       Tanner A. Kirksey, #72882MO
       7711 Bonhomme Ave, Suite 600
       St. Louis, MO 63105
       Phone: (314) 391-4700
       Fax: (314) 244-3778
       ryan@keanelawllc.com
       tanner@keanelawllc.com

*Attorneys for Defendant Besler*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                                               /s/ *Ryan A. Keane*