**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: VICTOR MANUEL RIBAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEGAN BESLER, )<br>)<br>Defendant. ) | Case No. 4:24-cv-00632<br><br>**JURY TRIAL DEMANDED** |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Megan Besler (hereinafter "Defendant" or "Besler"), by and through her undersigned counsel, and for her Answer to Plaintiff's First Amended Complaint, states as follows:

**GENERAL ALLEGATIONS**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same.

2. Admitted.

3. Denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same.

7. Denied that Defendant directly identified Mr. Ribas. Defendant is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in this Paragraph and therefore denies same.

8. Admitted.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same.

10. Denied.

11. Admitted.

12. Denied.

13. Denied that the alleged statements are defamatory. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in this Paragraph and therefore denies same.

13. [sic][1]   Denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same.

15. Denied that the alleged statements damaged Plaintiff or his reputation. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in this Paragraph and therefore denies same.

## COUNT I
## DEFAMATION – NEGLIGENCE

16. Defendant incorporates all preceding and following paragraphs as though fully set forth herein.

17. Denied. For further answer, this Paragraph contains a legal conclusion or statement

---

[1] Plaintiff's First Amended Petition contains a numbering error, with two paragraph nos. 13. Defendant copies this error to lessen any confusion in the remainder of the Complaint, including in the below Counts.

of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

18. This Paragraph and its subparts are denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

19. This Paragraph and its subparts are denied.

WHEREFORE, Defendant Megan Besler respectfully requests this Court dismiss Count I of Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of Defendant, award Defendant her reasonable attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT II
## DEFAMATION – FALSE STATEMENTS

20. Defendant incorporates all preceding and following paragraphs as though fully set forth herein.

21. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

22. This Paragraph and its subparts are denied.

23. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

WHEREFORE, Defendant Megan Besler respectfully requests this Court dismiss Count II of Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of Defendant, award Defendant her reasonable attorneys' fees and costs incurred herein, and for such other and

further relief as this Court deems just and proper.

## COUNT III
## INVASION OF PRIVACY FALSE LIGHT

24. Defendant incorporates all preceding and following paragraphs as though fully set forth herein.

25. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

26. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

27. Admit that Defendant published certain non-defamatory remarks on social media. Denied as to the remainder of this Paragraph. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

28. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

29. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

30. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

31. This Paragraph and its subparts are denied.

32. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

WHEREFORE, Defendant Megan Besler respectfully requests this Court dismiss Count III of Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of Defendant, award Defendant her reasonable attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

33. Defendant incorporates all preceding and following paragraphs as though fully set forth herein.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

36. Admitted.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary,

Defendant denies same.

38. This Paragraph and its subparts are denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

39. Denied.

40. Denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and therefore denies same.

42. Denied.

43. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

WHEREFORE, Defendant Megan Besler respectfully requests this Court dismiss Count IV of Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of Defendant, award Defendant her reasonable attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT V
## DEFAMATION – ACTUAL MALICE

44. Defendant incorporates all preceding and following paragraphs as though fully set forth herein.

45. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

46. This Paragraph and its subparts are denied. For further answer, this Paragraph

contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

47. This Paragraph and its subparts are denied.

WHEREFORE, Defendant Megan Besler respectfully requests this Court dismiss Count V of Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of Defendant, award Defendant her reasonable attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT VI
## DEFAMATION – FALSE STATEMENTS – MALICE

48. Defendant incorporates all preceding and following paragraphs as though fully set forth herein.

49. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

50. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

51. This Paragraph and its subparts are denied.

52. Denied. For further answer, this Paragraph contains a legal conclusion or statement of law to which no response is required, but to the extent any portion is deemed factual or that is a response is necessary, Defendant denies same.

WHEREFORE, Defendant Megan Besler respectfully requests this Court dismiss Count VI of Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of Defendant, award Defendant her reasonable attorneys' fees and costs incurred herein, and for such other and

further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

A.      For further answer and affirmative defense, Plaintiff failed to state a claim upon which relief may be granted against Defendant, including failure to state each and every element of a claim for defamation, tortious interference, or invasion of privacy under Missouri law.

B.      For further answer and affirmative defense, Plaintiff's claims are barred by the applicable statute of limitations and/or doctrine of laches, as he had knowledge of the facts that serve as the basis of his claims, unreasonably delayed asserting these claims for an excessive period, and caused Defendant to suffer a legal detriment as a result.

C.      For further answer and affirmative defense, Plaintiff's claims are barred because the statements complained of were, in fact, true or substantially true when evaluated in light of the full context and the totality of the circumstances.

D.      For further answer and affirmative defense, Plaintiff's claims are barred because any statements made by Defendant are protected by one or more qualified privileges under Missouri law, including but not limited to the public figure doctrine.

E.      For further answer and affirmative defense, Plaintiff's claims are barred and nonactionable in whole or in part as a matter of law because the statements identified in the Complaint are capable of a nondefamatory meaning.

F.      For further answer and affirmative defense, Plaintiff fails to state a claim upon which relief can be granted in that the alleged statements were opinions protected by the First Amendment of the United States Constitution rather than facts susceptible of being proved true or false, and Plaintiff's claims are therefore barred in whole or in part as a matter of law.

G.      For further answer and affirmative defense, Plaintiff's claims are barred or should

be reduced because Plaintiff failed to mitigate its damages. Plaintiff failed to deny or otherwise respond to the content of the statements, provoked Defendant, failed to utilize practices to protect his brand and deny or otherwise respond to the content of the statements, and/or otherwise failed to mitigate the financial and reputational harms alleged in the Complaint.

   H. For further answer and affirmative defense, Plaintiff's claims are barred by the doctrine of unclean hands, as Plaintiff did not act in good faith concerning the subject matter of the underlying Complaint.

   I. For further answer and affirmative defense, Plaintiff has not suffered any damages. To the extent Plaintiff suffered any damages, these damages were caused in whole or in part by Plaintiff and/or other third parties for which Defendant is not responsible.

   J. For further answer and affirmative defense, Defendant asserts that in accordance with R.S.Mo. § 537.067, if she is found to bear less than 51% of fault for the damages alleged, Defendant is not jointly and severally liable with any other third-party defendant and shall be responsible only for the percentage of fault attributed to her by the trier of fact.

   K. For further answer and affirmative defense, Defendant states that if Plaintiff settles, or may in the future settle with one or more third party defendants, former defendant, or tortfeasor, then Defendant is entitled, pursuant to R.S.Mo. § 537.060, to a reduction of any judgment for damages awarded against Defendant by the amount of the settlement or in the amount of the consideration paid to Plaintiff, whichever amount is greater, by any defendant, former defendant or tortfeasor.

   L. Defendant reserves the right to add, supplement, modify, or amend her affirmative defenses to conform to the evidence as discovery progresses.

   WHEREFORE, Defendant Megan Besler respectfully requests this Court dismiss

Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of Defendant, award Defendant her reasonable attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

Dated: August 12, 2024                                  Respectfully submitted,

                                                                                                                 KEANE LAW LLC

By:   */s/ Tanner A. Kirksey*
        Ryan A. Keane, #62112MO
        Tanner A. Kirksey, #72882MO
        7711 Bonhomme Ave, Suite 600
        St. Louis, MO 63105
        Phone: (314) 391-4700
        Fax: (314) 244-3778
        ryan@keanelawllc.com
        tanner@keanelawllc.com

*Attorneys for Defendant Besler*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 12, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                  /s/ *Tanner A. Kirksey*