UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTOR MANUEL RIBAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:24-CV-00632-SPM |
| MEGAN BESLER, | ) ) |
| Defendant. | ) ) |

## ORDER FOLLOWING AUGUST 18, 2025 CASE STATUS CONFERENCE

On August 18, 2025, this matter came before the Court for a Case Status Conference. The Court set the status conference because approximately eight months ago, on December 23, 2024, Plaintiff advised the Court that the parties reached a settlement in this case through alternative dispute resolution. (ECF No. 38). On December 30, 2024, the Court entered an order vacating all deadlines and hearings set in the Case Management Order (ECF No. 22) and directing Plaintiff to file dismissal papers within 30 days. (ECF No. 39). On January 29, 2025, the parties filed a joint motion requesting an additional 21 days to finalize the settlement agreement and file dismissal papers, and the Court granted the request. (ECF Nos. 41, 42).

On February 14, 2025, Plaintiff filed a Motion to Enforce Settlement communicating a disagreement between the parties on the issue of liquidated damages in the settlement agreement and suggesting that the parties confer with their prior mediator, the Honorable Thomas Prebil, to resolve the dispute. (ECF No. 43). Defendant filed a response on February 26, 2025, consenting to further discussions with the mediator. (ECF No. 45). On February 27, 2025, the Court entered an order denying Plaintiff's Motion to Enforce Settlement, without prejudice, finding the motion premature and moot considering the parties' agreement to attempt to resolve their dispute over

settlement terms by conferring with the mediator. (ECF No. 46). The parties did not propose, and the Court did not impose, a deadline by which the parties were to complete their conference with the mediator.

On August 11, 2025, having received no update from the parties regarding the status of this case, the Court set the matter for an attorney's-only status hearing, which took place via Zoom on August 18, 2025. (Docs. 47, 48). At the status hearing, Plaintiff's counsel represented to the Court that the parties remained in dispute over certain details of the settlement agreement and that the parties had not re-engaged with the mediator as contemplated in the Court's February 27, 2025, Order. Plaintiff's counsel explained that a personal medical procedure he underwent led to scheduling disruptions and seemed to attribute the parties' failure to re-engage with the mediator to that procedure. Plaintiff's counsel represented that he has since recovered and requested an additional 30 days for the parties to complete settlement discussions before their prior mediator, Judge Prebil.

Counsel for Defendant disputed Plaintiff's counsel's version of events. Defense counsel represented that, since the Court's February 27th Order, he had contacted Plaintiff's counsel on six occasions to attempt to schedule a time for further discussions in front of Judge Prebil. Defense counsel represented that Plaintiff's counsel made no response to these communications but, instead, filed a new lawsuit in state court on behalf of Plaintiff against Defendant. Defense counsel removed the new state case to this court on April 24, 2025. That case, styled *Ribas v. Besler*, Case No. 4:25-cv-00570-CDP, is currently pending before U.S. District Judge Catherine D. Perry. Defense counsel represented, and a review of the case docket confirms, that he has filed a motion to dismiss the new lawsuit, in part, on grounds that it is barred by the parties' prior settlement in this case. Judge Perry has not ruled on Defendant's motion.

Neither attorney explained why they failed to advise the Court of these developments after representing, in February, that both parties intended to re-engage with the mediator to resolve what

appeared to be a relatively narrow dispute in an otherwise negotiated settlement agreement. Notwithstanding the parties' failure to justify a nearly six-month delay of this case, during the conference the Court indicated that it is inclined to give the parties time to attempt to resolve their dispute with the help of Judge Prebil. However, defense counsel was not able to say at the conference whether, given all that has transpired, his client would still be willing to re-engage with the mediator as requested by Plaintiff's counsel. Defense counsel indicated his client may want to seek sanctions, including costs and/or dismissal of this action with prejudice. The Court responded that Defendant would need to file a formal motion seeking such relief and stating the legal basis for the requested relief.

After further discussion between the Court and counsel for both parties, defense counsel requested time to confer with his client before deciding whether to pursue further settlement discussions with the help of the mediator or whether, in the alternative, to pursue a motion for sanctions or seek other relief from the Court. The Court finds that the time defense counsel requested to confer with this client is reasonable and further finds that granting the request is consistent with the ends of justice.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **August 25, 2025**, Defendant must file a Memorandum responding to this Order, stating either that (i) Defendant consents to re-engaging with the mediator to resolve the parties' dispute or (ii) Defendant does not consent to re-engaging with the mediator and, instead, will file a motion seeking other relief from the Court.

**IT IS FURTHER ORDERED** that if Defendant elects option (i), i.e., consents to re-engaging with the mediator, then Defendant must also state in her Memorandum to the Court either that she joins in Plaintiff's request for thirty days to confer with the mediator or otherwise specify the amount of time sought to complete negotiations.

**IT IS FURTHER ORDERED** that if Defendant elects option (ii), i.e., does not consent to re-engage with the mediator, then, no later than **August 25, 2025**, Defendant must either file a motion for sanctions or a motion seeking other relief from the Court, or file a motion asking for additional time to file a sanctions motion or a motion seeking other relief from the Court, specifying the amount of time requested.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2025.