# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTOR MANUEL RIBAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEGAN BESLER, )<br>)<br>Defendant. ) | Case No. 4:24-cv-00632 |

## DECLARATION OF RYAN A. KEANE

Declarant Ryan A. Keane states as follows:

1. I am over the age of 18 years, am of sound mind, and am otherwise competent to make this declaration.

2. I am an attorney licensed to practice in the State of Missouri and have been admitted to practice before this Court, and I am the owner and managing attorney of Keane Law LLC. I represent Defendant Megan Besler in this matter.

3. I represented Defendant Megan Besler at mediation on December 11, 2024, where we participated in good faith and successfully resolved all claims and controversies between the parties.

4. After mediation concluded, I drafted a Memorandum of Understanding ("MOU") memorializing the agreements reached, and promptly emailed it to Plaintiff's counsel and our neutral, Judge Tom Prebil (Ret.), on December 11, 2024. *See* Exhibit A to Defendant's Suggestions in Support of Motion for Miscellaneous Relief filed contemporaneously today.

5. Plaintiff did not challenge, object, or question the MOU, its terms, or the language.

1

6. On December 17, 2024, I emailed Plaintiff's counsel to ask which party should prepare the first draft of the settlement agreement.

7. On December 19, 2024, Plaintiff's counsel emailed and agreed to prepare the first draft of the settlement agreement.

8. On January 16, 2025, I emailed Plaintiff's counsel requesting a status update. On the same day, Plaintiff's counsel responded by providing his first draft of the settlement agreement, which contained a number of new material and substantive terms that were never agreed to at mediation—nor part of the MOU.

9. On January 28, 2025, I returned a redline draft to Plaintiff's counsel, explaining in an email that ████████████████████████████████████████ *See* Exhibit C to Defendant's Suggestions in Support of Motion for Miscellaneous Relief filed contemporaneously today.

10. That same day, I spoke to Plaintiff's counsel about the new matters and issues he was attempting to inject into the parties agreement that were never agreed to. At that point, we agreed to filing a Joint Motion for extension to file settlement documents to further discuss.

11. On February 10, 2025, I sent an additional email to Plaintiff's counsel where I informed him that I would be filing a motion to enforce settlement on behalf of Defendant because of the sheer number of new terms that Plaintiff was attempting to insert.

12. On February 14, 2025, Plaintiff's counsel stated in an email that the main issue ██ ████████████████████████████████████████ ██████ Plaintiff then promptly filed his own motion to enforce settlement that same day.

13. On February 25, 2025, counsel for the parties spoke by phone and by email. Plaintiff's counsel requested that the parties' return to mediation to finalize the settlement and

2

release all claims. In fact, in a phone call that day, Plaintiff's counsel told me that Plaintiff wouldn't file another lawsuit against Defendant and that he was hopeful everything would be finally resolved back at mediation. As a result of these assurances, I conferred with my client and Defendant agreed to return to mediation.

14. On February 27, 2025, the Court ordered the parties to mediate over the language used in the settlement agreement.

15. However, that same day, Plaintiff filed a second lawsuit against my client in the Circuit Court of St. Louis City, State of Missouri, *Ribas v. Besler*, Cause Number 4:25-cv-00570-CDP (E.D. Mo.).

16. On March 21, 2025, I emailed Plaintiff and our neutral to schedule mediation.

17. On March 31, 2025, Plaintiff advised he was unavailable but did not provide any dates he was available.

18. On April 29, 2025, after Plaintiff's second lawsuit was removed to federal court, I requested an additional 60 days to respond to the new lawsuit. I also asked Plaintiff's counsel to provide new mediation dates, and he said he would.

19. Yet, Plaintiff's counsel did not provide any dates or otherwise attempt to schedule the mediation, so I called Plaintif's counsel but did not hear back from him.

20. On May 15, 2025, I emailed Plaintiff requesting an update on mediation.

21. On June 3, 2025, I again emailed Plaintiff requesting his availability for mediation.

22. On June 10, 2025, I followed up again by email requesting Plaintiff's availability for mediation and cc'd in the mediator Judge Prebil with the mediator's calendar where I asked again for Plaintiff's counsel to choose a date.

23. Plaintiff's counsel did not respond to these requests.

3

Case: 4:24-cv-00632-SPM   Doc. #: 56-4   Filed: 09/18/25   Page: 5 of 5 PageID #: 234

24. Since the Court's order directing the parties to return to mediation, Plaintiff has failed to cooperate in returning to mediation.

25. From February 27, 2025 to present, Defendant has incurred 43.5 hours of attorney time which has included her attorneys' reviewing the second lawsuit, *Ribas 2*, removing it to federal court, preparing and filing a motion to dismiss *Ribas 2*, responding to a show cause order in *Ribas 2*, client communications about all of these issues, and preparing this motion herein. I can provide detailed billing statements if the Court is inclined to see that information.

26. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States and the State of Missouri that the foregoing is true and correct to the best of my knowledge.

Executed on September 15, 2025

_____
RYAN A. KEANE

4