**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR MANUEL RIBAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00632 |
| | ) | |
| MEGAN BESLER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR MISCELLANEOUS RELIEF AND/OR SANCTIONS**

COMES NOW, Defendant Megan Besler, and for her Reply to Plaintiff's Memorandum in Opposition to the Motion for Miscellaneous Relief and/or Sanctions, states as follows:

**INTRODUCTION**

Defendant submits this Reply for three reasons: (1) Plaintiff's failure to file the instant memorandum under seal has improperly exposed confidential information contained within the parties' Memorandum of Understanding; (2) Plaintiff's submission completely ignores Defendant's efforts, and attorney time incurred, in further defending this action and the related *Ribas 2* litigation; and (3) Plaintiff's preposterous position that he had to file *Ribas 2* because the statute of limitation was about run – which is untrue as there are at least two years remaining on each cause of action brought in *Ribas* 2.

**ARGUMENT**

Defendant properly filed her Memorandum in Support of the Motion for Miscellaneous Relief and/or Sanctions under seal, taking all necessary precautions to protect and abide by the confidentiality of the Parties' settlement memorandum. Plaintiff has demonstrated a continued disregard for those same confidentiality obligations. Despite being bound by the agreement's

1

mutual confidentiality provision, Plaintiff repeatedly and carelessly disclosed the terms of the parties' Memorandum of Understanding ("MOU") throughout his response. Even more egregiously, Plaintiff attached unredacted copies of both the settlement agreement and the MOU—publicly revealing the very information both parties were expressly obligated to keep confidential. Plaintiff's conduct not only violates the plain terms of the parties' agreement, but also undermines the integrity of the sealing process and the Court's expectation that litigants will safeguard sensitive materials.

In fact, undersigned counsel sent two emails—on October 10, 2025 and on October 13, 2025—requesting that Plaintiff's counsel file his response under seal to protect the confidentiality of the agreement. Unsurprisingly, those efforts were met with silence—an ongoing pattern by Plaintiff's counsel of ignoring defense counsel's communications and this Court's instructions—as discussed in detail by Defendant in her underlying Motion. Plaintiff's counsel simply does not respond to defense counsel, and there is no reason to believe this conduct will change at this point and will likely continue if this litigation continues. Plaintiff counsel's behavior underscores a consistent lack of professional courtesy on even the most basic matters.

Next, Plaintiff's Brief ignores and misstates the amount of work Defendant has undertaken since the parties' mediation with Judge Prebil on December 11, 2024. Plaintiff's claim that "Defendant has not invested any resources into this matter since the mediation" is patently false – as clearly demonstrated by Defendant's Motion and the Declaration of undersigned counsel attached thereto. Defendant has devoted significant time, effort, and financial resources to defending not only this case but also the related action, *Ribas 2*. As identified in Defendant's underlying Motion, these efforts include: having to remove to federal court Plaintiff's second

lawsuit that should never have been filed (*Ribas 2*);[1] repeated attempts to communicate with Plaintiff's counsel to schedule a second mediation, which were ignored; preparing and filing a Motion to Dismiss in *Ribas 2*; responding to a show cause order in *Ribas 2*; and communicating with the client about all of these issues. Plaintiff's attempt to minimize or ignore this record of fact is both misleading and unsupported by the facts clearly laid out in Defendant's motion. In sum, substantial time and resources have been incurred as a result of Plaintiff's failure to abide by the underlying settlement terms and this Court's orders regarding same.

Lastly, Plaintiff claims that it was necessary for him to file *Ribas 2* "out of a concern that a potentially applicable statute of limitations would lapse" and that the claims would be "time barred," however this is inaccurate. Each of Plaintiff's causes of action in *Ribas 2* have a substantial amount of time—at least two years—remaining before any applicable statute of limitations runs. As such, Plaintiff should not get away with using such an excuse to explain his reasoning for filing *Ribas 2*—a case that Plaintiff admitted to being resolved in the settlement agreement.

At this point, Defendant respectfully asks this Court to put an end to Plaintiff's games and the tremendous waste of resources that have been incurred by Defendant in defending herself – and this Court in having to deal with all of this nonsense. This Court should dismiss Plaintiff's case with prejudice.

---

[1] In fact, Plaintiff even admitted in his Opposition Brief that *Ribas 2* was essentially resolved by the Settlement reached in *Ribas 1* (see Plaintiff's Opp. Brief at 7)—yet Plaintiff filed suit nonetheless.

**CONCLUSION**

WHEREFORE, Defendant respectfully requests this Court, in ruling on Defendant's motion, give due consideration to Plaintiff's behavior outlined above and as discussed at length in Defendant's Motion.  As such, Plaintiff's case should be dismissed with prejudice.

Dated: October 20, 2025                                          Respectfully submitted,

                                                                             KEANE LAW LLC

                                                      By:      */s/ Ryan A. Keane*_____
                                                                 Ryan A. Keane, #62112MO
                                                                 Sydney P. Marino, #78087MO
                                                                 7711 Bonhomme Ave, Suite 600
                                                                 St. Louis, MO 63105
                                                                 Phone: (314) 391-4700
                                                                 Fax: (314) 244-3778
                                                                 ryan@keanelawllc.com
                                                                 sydney@keanelawllc.com

                                                                 *Attorneys for Defendant Besler*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

<u>/s/ Ryan A. Keane_____</u>