**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR MANUEL RIBAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00632 |
| | ) | |
| MEGAN BESLER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM TO COURT**

COMES NOW Defendant Megan Besler, by and through undersigned counsel, and pursuant to the Court's Amended Case Management Order (ECF 76), requests that the Court set this matter for a discovery dispute conference.

Paragraph 11 of the Court's Amended Case Management Order requires the parties to *jointly file* a memorandum requesting a discovery dispute conference after first attempting to resolve any discovery disputes without Court intervention. Following the exchange of discovery responses and discovery deficiency letters, Defendant made repeated good faith efforts to meet and confer with Plaintiff regarding discovery deficiencies in compliance with the Court's requirements (ECF 76) and the Local Rules.

Defendant sent an email to Plaintiff's counsel on June 3, 2026, then called and left a voicemail for Plaintiff's counsel on June 12, 2026, followed by an email the same date. Finally, on June 16, 2026, Defendant circulated a proposed Joint Memorandum requesting a discovery dispute conference, offering Plaintiff's counsel a final opportunity to either participate in a meet and confer, or join in a request for the Court's assistance. All efforts, however, have been met with the

1

same silence and lack of cooperation that has become an ongoing pattern by Plaintiff.[1] Plaintiff has made it impossible to fully comply with the Court's Order (ECF 76) regarding discovery.

Defendant, therefore, independently submits this memorandum and request for a discovery dispute conference. Defendant identifies the following issues remaining in dispute:

- Whether Plaintiff must execute a HIPAA authorization and/or otherwise produce medical, counseling, and mental health records relating to Plaintiff's claimed emotional distress damages.

- Whether Plaintiff must execute employment authorizations and/or produce employment, earnings, leave, attendance, and other records relating to Plaintiff's claimed economic damages.

- Whether Plaintiff must identify additional fact witnesses, prior or concurrent litigation, and other information requested in Defendant's written discovery.

- Whether a Protective Order may be entered to protect private, sensitive, confidential, and/or financial information from improper disclosure which may damage or prejudice the parties.

Accordingly, Defendant respectfully requests that the Court set a discovery dispute conference so that discovery may proceed and these issues may be resolved without further delay, and grant such other and further relief as the Court deems just and proper.

---

[1] In fact, on May 21, 2026, the Honorable Catherine D. Perry, in the related case "*Ribas II*" (*Ribas v. Besler*, Case No. 4:25-cv-570), granted Defendant's Motion to Dismiss, dismissing Plaintiff's claims with prejudice for failure to comply with Court orders and for failure to prosecute. *See* ECF 29.

Dated: June 18, 2026                                  Respectfully submitted,


                                                     KEANE LAW LLC

                                          By:        */s/ Kyle P. Krause*_____
                                                     Ryan A. Keane, #62112MO
                                                     Kyle P. Krause, #72891MO
                                                     7711 Bonhomme Ave, Suite 600
                                                     St. Louis, MO 63105
                                                     Phone: (314) 391-4700
                                                     Fax: (314) 244-3778
                                                     ryan@keanelawllc.com
                                                     kyle@keanelawllc.com

                                                     *Attorneys for Defendant Besler*


## CERTIFICATE OF SERVICE

        I hereby certify that on June 18, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.


                                                     /s/ *Kyle P. Krause*_____

3