**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| VICTOR MANUEL RIBAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:24-cv-00632-SPM |
| | ) | |
| vs. | ) | |
| | ) | |
| Megan Besler, | ) | |
| | ) | |
| Defendant. | | |

**MOTION OF DEPONENT DAVID McGRAW AND OPEN ARMS WELLNESS, LLC TO QUASH SUBPOENA**

Movants, David McGraw, L.P.C. and his employer, Open Arms Wellness, LLC, by and through undersigned counsel, for its Motion to Quash the Subpoena served on it on behalf of Defendant (a copy of which is attached hereto as **Exhibit 1**), states as follows:

1. David McGraw and Open Arms Wellness (“hereinafter collectively "Open Arms"), provide mental health counseling services, including to Plaintiff herein, Victor Manual Ribas.

2. Open Arms recently received the attached subpoena, from attorney for Defendant, which directs it to provide all records relating to the mental health counseling and treatment provided to Plaintiff.

3. This Subpoena is void and unenforceable, in violation of Plaintiff's rights to confidentiality of records of therapy provided by McGraw, a licensed professional counselor, pursuant to § 337.736 R.S.Mo. in that none of the exceptions to confidentiality provided for therein apply here. In particular, Plaintiff has not signed

an authorization for Open Arms to release his therapy records, and this Court has not issued an order for such records to be released.

4. It is a matter of settled law that health care records are generally treated as confidential, and mental health care records are particularly protected. *See e.g*. ***Jaffee v. Redmond***, 518 U.S. 1, 15 ("confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."), 17; ***State ex rel Dean v. Cunningham***, 182 S.W.3d 561 (Mo. banc 2006). In ***United States v. Nebeker***, 2012 .S.Dist LEXIS 207688 at *2 (W.D.Mo. 2012), the Court explicitly held that the psychotherapist-patient privilege specifically applied to diagnosis and treatment provided by an LPC.

7. Open Arms has a legal duty to raise and assert on behalf of its clients all claims of privilege. *See* ***State ex rel. Dean v. Cunningham***, 182 S.W.3d 561, 566 (Mo. 2006). Deponent accordingly has standing to raise and assert herein all rights of confidentiality of Plaintiff.

8. Undersigned counsel spoke to counsel for Defendant and explained that without either a court order or an authorization for release of records from Plaintiff, Open Arms would be in violation of HIPAA, § 337.736 R.S.Mo., and Open Arms ethical duties if it released Plaintiff's treatment records as requested by the subpoena. Counsel for Defendant insisted he expected Open Arms to comply with the subpoena, even though he acknowledged the records are privileged, and even

though counsel for Defendant acknowledged that he had not obtained an authorization from Plaintiff or sought a court order.

9. As a result, Open Arms was required to file this Motion to Quash to protect its patient's confidentiality as required by the LPC rules of ethics. This would not have been necessary had Defendant first sought a court order for release of Plaintiff's treatment records.

9. For good cause shown, Open Arms requests that this Court quash the Subpoena issued to it by Petitioner in this case.

**WHEREFORE**, Movants, David McGraw, LPC and Open Arms Wellness, LLC, prays that this Court: (1) quash the Subpoena issued to it by Defendant, attached hereto as Exhibit 1, and that it be excused from responding thereto; (2) order that Plaintiff pay Deponent's attorneys' fees in preparing and arguing the instant Motion; and (3) for such other and further relief as the Court deems just and proper under the circumstances.

Respectuflly Submitted,

DANNA MCKITRICK, P.C.

BY: /s/ David R. Bohm
David R. Bohm, #35166
7701 Forsyth Blvd., Suite 1200
St. Louis, MO 63105
(314) 726-1000 / (314) 725-6592 (fax)
E-mail: dbohm@dmfirm.com

ATTORNEYS FOR MOVANT

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that I caused true and correct copies of the foregoing document to be served upon the parties receiving notice through the Court's CM/ECF system in this case by filing this document with the Court's CM/ECF system, with a copy also sent via email to counsel for both Defendant and Plaintiff, on this 22nd day of June, 2026.

/s/David R. Bohm