**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR MANUEL RIBAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00632-SPM |
| | ) | |
| MEGAN BESLER, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR PROTECTIVE ORDER**

COME NOW Plaintiff Victor Ribas and Defendant Megan Besler, by and through their undersigned counsel, and hereby submit their Joint Motion for Protective Order, and in support hereof, state as follows:

1. The parties agree that certain documents and materials sought and exchanged through discovery in this particularly contentious litigation may contain information that should not be disclosed to the general public or published outside of this litigation.

2. Some of the documents include medical records and tax returns.

3. The parties have conferred in good faith and agreed to enter an appropriate Protective Order but have reached an impasse regarding terms.

4. Plaintiff argues that both parties are entitled to view any and all discovery in the case, such that a simple "CONFIDENTIAL" designation will suffice to protect against disclosure outside of this litigation. Plaintiff's Proposed Protective Order is attached hereto as **Exhibit A.**

5. Because Defendant contends previous confidentiality agreements failed, a contention Plaintiff disputes, Defendant insists an "ATTORNEYS' EYES ONLY" designation is needed to prevent annoyance, embarrassment, and to avoid further increasing the emotional

temperature of this fiery 'civil' litigation between former romantic partners. Defendant's Proposed Protective Order is attached hereto as **Exhibit B.**

6. This Court has authority under Rule 26(c) of the Federal Rules of Civil Procedure to enter either of the parties' Proposed Protective Orders for good cause.

7. The parties have agreed to present this Joint Motion to the Court and abide by its determination.

**Plaintiff's Argument**

The law on Attorneys' Eyes Only designations is well established:

> Requiring an "attorneys' eyes only" designation is a "drastic remedy given its impact on the party entitled to the information," in that it prevents a party from reviewing documents with counsel, and can hamper the ability of the party to present his or her case. *See Ragland v. Blue Cross Blue Shield of N.D.*, No. 1:12-CV-080, 2013 WL 3776495, at *1 (D.N.D. June 25, 2013); *see also Skillington v. Activant Solutions, Inc.*, No. 4:09CV673MLM, 2009 WL 3852804, at *7 (E.D.Mo. Nov. 17, 2009). Therefore, "any designation of material as 'attorneys' eyes only' should be reserved for only those rare instances in which it is truly justified . . . and there is no other effective alternative." *Ragland*, 2013 WL 3776495, at *2 (collecting cases); *see also Scentsy, Inc. v. B.R. Chase, L.L.C.*, No. 1:11-CV-00249-BLW, 2012 WL 4523112, at *6 (D.Idaho Oct. 2, 2012) (noting that the standard to prove that an "attorneys' eyes only" designation is necessary is "high," and that "very few documents need [this] designation"). Generally, an "attorneys' eyes only" designation is an appropriate only in cases involving trade secrets, patents, or other intellectual property. *See Ragland*, 2013 WL 3776495, at *1.

*Gillespie v. Charter Commc'ns, Inc.*, 133 F.Supp. 3d 1195, 1202-03 (E.D.Mo. 2015).

A standard "CONFIDENTIAL" designation is adequate to protect both parties' sensitive documents. This is not a case involving trade secrets, patents, or other intellectual property. The fact that this is a case between prior romantic partners does not warrant allowing an Attorneys' Eyes Only designation. If that were so, such designation would be the norm in dissolution cases.

Depriving Plaintiff of the ability to review personally discovery responses severely prejudices his ability to prosecute his claims, to surmount Defendant's defenses, and to assist his

counsel. Under Rule 26(c), protective orders must not unreasonably impair a litigant's fundamental right to participate in its own defense or prosecution. Restricting discovery to counsel alone creates an artificial wedge that impedes necessary client communication, prevents counsel from conferring with Plaintiff on facts unique to the parties' past personal dealings, and frustrates case preparation. Because a standard "CONFIDENTIAL" designation strictly prohibits disclosure outside the lawsuit under threat of court sanction, it fully safeguards Defendant's privacy interests and concerns of financial harm without violating Plaintiff's due process right to know and review the evidence of significant importance to the case such that it must be disclosed.

Plaintiff notes that he never disclosed settlement terms or confidential discovery to third parties or posted them online. Plaintiff disputes Defendant's Argument, *infra*, that Plaintiff made social media posts bragging about winning his suit. When Defendant moved for leave to file documents under seal (Doc. 54), Plaintiff then did not oppose the Court's restricting public access to those filings.

Finally, Plaintiff objects to the reputational- or economic-harm elements of Defendant's proposed Attorneys' Eyes Only definition.[1] Plaintiff's viewing documents produced by Defendant will not harm Defendant's reputation or pocketbook.

**Defendant's Argument**

This case centers around harm Plaintiff allegedly suffered due to Defendant's statements *online*, not from all discussions with any private confidant. While Plaintiff's Proposed Order prevents disclosure outside this litigation, it does not protect Defendant from disclosing information that may be "irrelevant but embarrassing, or even harmful, to her adversaries who

[1] "A producing party may designate as 'ATTORNEYS' EYES ONLY' any Documents that the Producing Party in good faith contends constitute or contain information that is highly confidential and/or sensitive in nature **and the Producing Party reasonably believes that the disclosure of such Documents is likely to cause reputational or economic harm**." (Def.'s Ex. B at 2 ¶ 2 (emphasis added).)

have a direct financial interest in misusing the information," like Plaintiff. *State ex rel. Madlock v. O'Malley*, 8 S.W.3d 890, 892 (Mo. banc 1999). Defendant's Proposed Order outlines options for more effective protections, while providing a process for the parties to challenge any designation. *See* Exhibit B.

Attorneys' Eyes Only designations typically protect trade secrets but are reserved for these "rare instances in which it is truly justified … and there is no other effective alternative." *Gillespie,* 133 F.Supp. 3d at 1202, *quoting Ragland,* No. 1:12-CV-080, 2013 WL 3776495, at *2. Unlike in *Gillespie* and *Ragland*, these parties agreed in principle to confidentially resolve this case – only to find Plaintiff publicly bragging about winning his suit on social media. Attorneys' Eyes Only designations are justified where there is a "real expectation and entitlement to confidentiality under the law that has been preserved and not waived." *Ragland*, WL 3776495, at *2. Here, Plaintiff *failed to* preserve and *did* waive the agreed-upon confidentiality – despite Defendant's expectation and entitlement thereto – thereby foreclosing alternatives and necessitating heightened protections.

An Attorneys' Eyes Only option is key – not "simply because one of the parties would prefer that certain information not be disclosed to an opposing party," *Ragland,* 2013 WL 3776495*,* at *2 – but because it permits production without fear of inflaming the passions of former lovers or yielding unnecessary "annoyance, embarrassment, or oppression." Fed. R. Civ. P. 26(c)(1).

WHEREFORE, the parties – jointly – respectfully request this Court grant their motion, enter an appropriate Protective Order, and for such other and further relief as this Court deems just and proper under these circumstances.

Dated: July 31, 2026,

**KEANE LAW LLC**

*/s/ Kyle P. Krause*
Ryan A. Keane, #62112MO
Kyle P. Krause, #72891MO
7711 Bonhomme Ave., Suite 600
St. Louis, MO 63105
Phone: 314-391-4700
Fax: 314-244-3778
Ryan@keanelawllc.com
Kyle@keanelawllc.com

*Attorneys for Defendant Besler*

**EISENBERG LAW LLC**

*/s/ Ronald J. Eisenberg*
Ronald J. Eisenberg, #48674MO
11775 Borman Drive, Ste. 216
St. Louis, MO 63146
(636) 733-6647
ron@eisenberglawstl.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 31, 2026, a true and accurate copy of the foregoing was served on all counsel of record by filing it in the court's electronic filing system.

*/s/ Kyle P. Krause*