# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR MANUEL RIBAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00632-SPM |
| | ) | |
| MEGAN BESLER, | ) | |
| | ) | |
| Defendant. | ) | |

**CIVIL PROTECTIVE ORDER**

Having determined that discovery in this action could entail the production of confidential, proprietary, or other sensitive, non-public information or documents ("Confidential Information"), the parties have jointly requested an Order pursuant to Federal Rule of Civil Procedure 26(c) requiring that the following disclosure and dissemination protocols shall apply to Confidential Information produced in this action pursuant to the Federal and Local Rules of Civil Procedure governing disclosure and discovery. The Court finds that good cause exists for the protective order described below. Notwithstanding anything in this Order, all Parties shall comply with Eastern District of Missouri Local Rule 13.05, which governs sealing of Court filings.

1. For the purposes of this Order, "**Documents**" shall mean all materials within the scope of Federal Rule of Civil Procedure 34 (including written discovery responses and transcripts of depositions or other similarly recorded proceedings), "**Producing Party**" shall mean any party to this action (or third-party consenting to be bound by this Order) producing Documents pursuant to the Federal and Local Rules of Civil Procedure governing disclosure and discovery, and "Receiving Party" shall mean any

party to this action (or third-party consenting to be bound by this Order) to whom such Documents are produced.

2. A Producing Party may designate as "CONFIDENTIAL" any Documents that the Producing Party in good faith contends constitute or contain Confidential Information. Confidentiality designations for depositions shall be made either on the record or by written notice to the other parties within 10 days of receipt of the transcript. Unless otherwise agreed, deposition transcripts shall be treated as Confidential Information for 10 days after their receipt. For the purposes of designating deposition transcripts or portions thereof as "CONFIDENTIAL," any party to this action or third-party providing deposition testimony in this action shall be deemed a "Producing Party."

3. Receiving Parties should take reasonable and prudent measures to protect Confidential Information from disclosure except as permitted by this Order or otherwise required by law. Receiving Parties shall use Confidential Information solely for the purpose of this Action and for no other purpose.

4. Access to Confidential Information, directly or indirectly, shall be limited to the following:

**a. The Court and its personnel;**

**b. Court reporters;**

**c. Counsel**, i.e., attorneys and employees of counsel who have responsibility for the action;

**d. Author or Recipient**, i.e., persons listed as the author or recipient of the subject Documents (and, in the case of a deponent involving a deposition transcript, the deponent);

**e. Parties and Insurance Carriers**, i.e., individual Parties (including their employees and other agents whose assistance counsel determines is reasonably necessary to the conduct of the litigation) and their insurance carriers (including their employees and other agents whose assistance counsel determines is reasonably necessary to the conduct of the litigation);

**f. Contractors**, i.e., those persons specifically engaged for the limited purpose of copying, organizing, or otherwise processing Documents, including vendors hired to process electronically stored information;

g. **Lay Witnesses**, subject to the conditions set forth below;

h. **Consultants and Expert Witnesses**, i.e., persons used by the parties or their attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action;

i. **Third -Party Neutrals**, subject to the conditions set forth below; and

j. **Others by consent or Court order**, on such conditions as may be agreed or ordered.

Prior to sharing Confidential Information with any of the persons listed in subcategories **e** through **j** above, each must be informed of and agree to abide by this Protective Order.

**Lay Witnesses** may be shown copies of Documents reasonably related to their potential testimony that include Confidential Information but shall not retain such copies. Confidential Information may be sent to **Witnesses** electronically for their review during telephonic or other remote conversations with counsel, provided such witnesses are instructed and agree to delete that Confidential Information at the conclusion of the conversation. The deposition of any **Lay Witnesses** or **Expert Witnesses** (or any portion of such deposition) that includes Confidential Information shall be taken only in the presence of persons permitted to access Confidential Information under this Order or witnesses not subject to exclusion under Federal Rule 615.

**Third-Party Neutrals** may be provided with or shown copies of Documents that include Confidential Information subject to a confidentiality agreement.

5. Third parties may consent to and be bound by this Protective Order. Third parties so consenting may designate Documents as "CONFIDENTIAL" as set forth in Paragraph 2. Any party serving discovery requests on third parties (e.g.,

subpoenas, authorizations, etc.) shall provide a copy of this Protective Order with those requests.

6. Subject to the meet and confer requirements applicable to other discovery disputes in this action, any party can challenge another party or third-party's designation of Documents as "CONFIDENTIAL."

7. An inadvertent failure to designate a Document as Confidential does not waive the right to so designate the Document. A Producing Party may correct such failure by providing written notice of the error and substituting copies of the inadvertently produced Document with appropriately designated replacements.

If a Producing Party designates a previously produced Document as Confidential, the Receiving Party shall make a reasonable effort to ensure that the Document is treated in accordance with this Order. In such circumstances, the Receiving Party shall make reasonable efforts to retrieve the original undesignated copies distributed to persons not permitted to receive Documents with the corrected designation. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material had not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential.

8. The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to the attorney-client privilege and the attorney work-product doctrine. Any Producing Party who inadvertently discloses Documents that are privileged or otherwise immune from discovery shall,

promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the

Documents be returned or destroyed. The Receiving Party shall return or destroy such inadvertently produced Documents, including all copies, within ten (10) days of receiving such a written request. The Receiving Party may thereafter seek reproduction of any such Documents pursuant to applicable law. If a Document is in a form that cannot be returned (e.g., electronic mail) it must be deleted. 9. Eastern District of Missouri Local Rule 13.05 dictates how to seek leave to file Documents containing Confidential Information under seal on the Court docket. The parties may seek further protections against public disclosures prior to the disclosure of Confidential Information in a trial or hearing.

10. No action taken in accordance with this Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

11. This Order does not restrict the use of Documents at trial. Issues of use or admissibility at trial shall be determined by the Court at an appropriate time.

12. This Protective Order also does not restrict the use by a party of documents and information obtained from sources other than a Producing Party.

13. Within 60 days of the termination of this Action, including any appeals, upon written request, all originals and copies of all Documents containing Confidential Information shall be destroyed or returned to the Producing Party unless (1) the Document was offered into evidence or filed without restriction as to disclosure or (2) the Document bears notations, summations, or other mental impressions of the receiving Party. Notwithstanding the foregoing, counsel for a

Receiving Party may retain a copy of a Document containing Confidential Information after final resolution of this Action for purposes of defending any potential malpractice actions, as otherwise required by law, or as otherwise required under the applicable rules of professional conduct.

14. The obligations imposed by this Order shall survive the termination of this action.

15. The Parties shall work in good faith not to cause each other undue burden and expense in connection with this Order.

16. This Order may be modified by agreement of the Parties without leave of Court or by order of the Court.

______________________________
SHIRLEY P. MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this ____ day of July, 2026

The parties hereby stipulate to the entry of the foregoing Protective Order.

EISENBERG LAW LLC

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674(MO)
11775 Borman Dr., Ste. 216
St. Louis, MO 63146
636-733-6647
ron@eisenberglawstl.com

*Attorney for Plaintiff*
*Victor Manuel Ribas*

KEANE LAW LLC

By: /s/
Ryan A. Keane, #62112MO
Kyle P. Krause, #72891MO
7711 Bonhomme Ave, Suite 600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
kyle@keanelawllc.com

*Attorneys for Defendant Besler*